UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BLAKE<br>CDCR No. T-77278,<br><br>              Plaintiff,<br><br>v.<br><br>N. MORENO,<br><br>              Defendant. | Case No.:  3:23-cv-01024-JES-DDL<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Tom Blake, a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that she has been subjected to unconstitutional conditions of confinement while housed at the Richard J. Donovan Correctional Facility ("RJD"). (*See generally Compl*., ECF No. 1.) Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

/ / /

/ / /

/ / /

1

## I. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

In support of her IFP Motion, Plaintiff has submitted a copy of her prison certificate attested to by an RJD accounting official. (*See* ECF No. 3 at 1). This document shows she had an available balance of $0.09 at the time of filing. (*See id.*) The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because her prison certificates indicate she may have "no means to pay it," *Bruce v. Samuels*, 577 U.S. 82 (2016) and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designee, to instead collect the entire

$350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SCREENING PURSUANT to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, her Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Plaintiff's Allegations

Plaintiff is a "43 year old transgender [individual] with several health issues such as HIV, exposure to tuberculosis and Hep[atitis] C." Comp. at 3. On March 19, 2023,

"the sink of Plaintiff's cell backed up and the [foul] smell of fecal matter [and] urine came from the water in the sink." *Id.* Plaintiff and her cellmate informed Correctional Officer Moreno of the issue and informed her of the harm to her health. *See id.* Plaintiff claims Moreno assured her that he would "put a work order in and have the sink fixed." *Id.*

One day passed but no plumber had come to fix the issue and Plaintiff "explained to Correctional Officer A. Marciel[1] that she had a compromised immune system and health issues." *Id.* Marciel looked for a work order but informed Plaintiff that no work order had been issued. *See id.* Marciel told Plaintiff to remind him to call for a plumber the following day if "no one comes to fix the sink." *Id.* The following day Plaintiff again informed Marciel that no plumber had come to fix the sink and the "smell became worse." *Id.* at 3-4. Plaintiff alleges the "gas fumes" caused him to cough and vomit. *Id.* at 4.

Plaintiff claims she told Marciel that he "needs to call a [sergeant]" to have Plaintiff and her cellmate "moved to a safe environment cell." *Id.* She further explained "the "hazardous conditions and how detrimental it could be." *Id.* Marciel told her that another work order would be submitted. *See id.* Marciel further indicated that plumbers only "come in situations that are emergency and [Plaintiff's] situation is not considered [an] emergency." *Id.*

On March 24, 2023, Plaintiff asked Marciel if they could be given a plunger "for us to fix the problem" but Marciel refused this request. *Id.* at 5. Three days later, on March 27, 2023, Plaintiff made a device by "cutting a handball in [half] and plunging the sink." *Id.*

Plaintiff seeks $25,000 in punitive and compensatory damages and "any other relief a jury deems necessary and legal fees, court costs, etc." *Id.* at 8.

---

[1] Marciel is not a named Defendant.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Discussion

"The Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Watson v. Walkley*, 120 F.3d 269 (9th Cir. 1997). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Under the objective requirement, the prisoner must allege facts sufficient to show that the prison official's acts or omissions deprived her of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. However, to the extent conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Thus,

to violate the Eighth Amendment, the deprivation at issue must first be "sufficiently serious." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the subjective requirement, the prisoner must further allege facts to plausibly show each defendant she seeks to hold liable acted with "deliberate indifference" to her health or safety. *Wilson*, 501 U.S. at 303; *Farmer*, 511 U.S. at 834.

Here, Plaintiff alleges that for a period of approximately eight (8) days, she was housed in a cell with a clogged sink that smelled like a "sewer." Compl. at 3. She further alleges she was unable to wash her face, shave, or brush her teeth in her cell for these eight (8) days. *See id.* at 4. "The circumstances, nature, and duration of a deprivation of [minimal] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *as amended*, 75 F.3d 448 (9th Cir. 1995), and "[t]he more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982).

Assuming Plaintiff has plausibly alleged her exposure to the foul overflow in her sink amounts to the type of "lack of sanitation which is severe or prolonged [which] can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson*, 45 F.3d at 1314, she has not alleged a causal connection between that harm and the short delay in placing a work order caused by Defendant Moreno's actions. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding that a plaintiff must allege he suffered a specific injury from a defendant's action and an affirmative link between the injury and the defendant's conduct).

Rather, Plaintiff states that after a day passed without the problem with the sink being addressed and she found out that Moreno had not put in a work order, a work order

was placed by a different correctional officer[2], yet the sink overflow was never addressed by the prison, and Plaintiff and her cellmate ended it by plunging the sink herself eight days later. The Complaint does not plausibly allege that her continued exposure to the sewage in her sink was caused by Defendant Moreno's failure to put in a work order, because Plaintiff alleges that she repeatedly followed up with a different correctional officer and did not have any further communication with Defendant Moreno. In other words, Plaintiff has not plausibly alleged that the only Defendant named in the Complaint is responsible for the alleged constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"), quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's attempt to hold an individual defendant liable for money damages for exposure to the sewage backup in her sink, or for her general allegations of unsanitary conditions in RJD bathrooms, requires the Court to apply "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Id*. at 633-34. "[I]n order to prevail and recover damages against" a prison official for cruel and unusual punishment, Plaintiff "must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel and unusual punishment." *Id*. at 634. Plaintiff has not plausibly alleged Defendant Moreno's one day delay in placing a work order was the

---

[2] Plaintiff's Complaint mainly refers to the actions of Correctional Officer Marciel but she has not named Marciel as a Defendant. It does appear that she may have originally intended to name Marciel as a Defendant but Marciel's name has been crossed out in the Complaint's caption and on page two of Plaintiff's Complaint.

actual and proximate cause of the alleged Eighth Amendment violation.

Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112. In light of her pro se status, the Court grants Plaintiff leave to amend her Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. CONCLUSION AND ORDER

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from her account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** this civil action *sua sponte* based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to her original pleading. Defendants not named and any claim not re-alleged in her Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and her failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  July 10, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge