UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TOM BLAKE<br>CDCR No. T-77278,<br><br>    Plaintiff,<br><br>v.<br><br>N. MORENO et al.,<br><br>    Defendants. | Case No.: 3:23-cv-1024-JES-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES;**<br><br>**(2) GRANTING MOTION TO ADD EXHIBIT TO AMENDED COMPLAINT; AND**<br><br>**(3) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**[ECF No. 6, 8]** |
|---|---|

## I.   PROCEDURAL HISTORY

On May 26, 2023, Plaintiff Tom Blake ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that she has been subjected to unconstitutional conditions of confinement while housed at the Richard J. Donovan Correctional Facility ("RJD"). (*See generally Compl*., ECF No. 1.) Plaintiff also

filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

On July 10, 2023, this Court conducted the required *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and found that Plaintiff had failed to state a claim as to Defendant Moreno, the only named Defendant in the original complaint. *See* July 10, 2023, Order, ECF No. 5 at 8-9. Plaintiff was granted forty-five (45) days leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* at 9.

On August 16, 2023, Plaintiff filed a "Motion for Leave to File Excess Pages," along with her First Amended Complaint ("FAC"). ECF Nos. 6, 7. Plaintiff added Defendant A. Marciel to this action. *See* FAC at 1, 2. Plaintiff later filed a "Motion to Add 602 Appeal Decision to Amended Complaint." ECF No. 8. The Court **GRANTS** Plaintiff's Motions and will conduct the required *sua sponte* screening of Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff is a forty-three-year-old transgender inmate who has been diagnosed with HIV and Hepatitis C. *See* FAC at 3. On March 19, 2023, Plaintiff informed Defendant Moreno ("Moreno") that her cell sink was "backing up to the rim" and had a "gas smell to it." *Id.* Moreno responded, "I'll see what I can do." *Id.* However, Plaintiff claims Moreno "never put in a work order because he doesn't like me because of my lifestyle." *Id.*

Two days later, Plaintiff was informed by Defendant Marciel ("Marciel") that Moreno had not put a work order in, but he would "put a work order in himself." *Id.* at 4. Plaintiff alleges she informed Marciel that she had HIV and with her "immune system" she could "get sick and die" if she was "breathing in feces [and] urine." *Id.* Marciel purportedly refused to move Plaintiff to another cell or "inform a [sergeant] about the human waste in [Plaintiff's] sink." *Id.* Plaintiff alleges that he "suffered for 9 days." *Id.* at 7.

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### A. Standard of Review

As the Court previously informed Plaintiff, because she is a prisoner and is proceeding IFP, her FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## IV.   LEGAL ANALYSIS

### A. Eighth Amendment Claim

"The Constitution 'does not mandate comfortable prisons.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Watson v. Walkley*, 120 F.3d 269 (9th Cir. 1997). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes*, 452 U.S. at 347. Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Under the objective requirement, the prisoner must allege facts sufficient to show that the prison official's acts or omissions deprived her of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. However, to the extent conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Thus, to violate the Eighth Amendment, the deprivation at issue must first be "sufficiently serious." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the subjective requirement, the prisoner must further allege facts to plausibly show each defendant she seeks to hold liable acted with "deliberate indifference" to her health or safety. *Wilson*, 501 U.S. at 303; *Farmer*, 511 U.S. at 834.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson*, 217 F.3d at 731. "The circumstances, nature, and duration of a deprivation of [minimal] necessities must be considered in determining whether a constitutional violation has occurred." *Id*. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *as amended*, 75 F.3d 448 (9th Cir. 1995), and "[t]he more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982).

First, the Court finds that Plaintiff has not plausibly alleged her exposure to the foul overflow in her sink amounts to the type of "lack of sanitation which is severe or prolonged [which] can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson*, 45 F.3d at 1314. In addition, the Court finds that she has not alleged a causal connection between the alleged harm and the short delay in placing a work order by Defendant Moreno. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding that a plaintiff must allege she suffered a specific injury from a defendant's action and an affirmative link between the injury and the defendant's conduct).

Rather, Plaintiff states that after a day passed without the problem with the sink being addressed, she found out that Moreno had not put in a work order[1], a work order was placed by Defendant Marciel. As for Moreno, Plaintiff's FAC, once again, does not plausibly allege that her continued exposure to the sewage in her sink was caused by Defendant Moreno's failure to put in a work order, because Plaintiff alleges that she followed up with a different correctional officer and did not have any further

---

[1] Plaintiff claims that Moreno failed to submit the work order because "he doesn't like me because of my lifestyle" but offers no specific factual allegations to support this claim. FAC at 3. While Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted).

communication with Defendant Moreno. In other words, Plaintiff has not plausibly alleged that Defendant Moreno is liable for the alleged constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"), quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

      Plaintiff's attempt to hold an individual defendant liable for money damages for exposure to the sewage backup in her sink requires the Court to apply "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Id*. at 633-34. "[I]n order to prevail and recover damages against" a prison official for cruel and unusual punishment, Plaintiff "must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel and unusual punishment." *Id*. at 634. Here, Plaintiff acknowledges that Marciel placed a work order to have the sink fixed by a plumber. *See* FAC at 5. While Plaintiff claims that Marciel should have taken a different action such as moving him to a different cell or informing a supervisor, the purported failure of Marciel to take specific actions Plaintiff believed necessary does not plausibly rise to the level of "deliberate indifference."

      Plaintiff's claims she suffered discomfort for several days due to the smell arising from the clogged sink, but she does not allege facts to show that the conditions she was subjected to were "severe or prolonged." *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995). Here, Plaintiff's allegations only demonstrate a temporary condition that lasted a few days.

      Accordingly, Plaintiff's FAC is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

## V.   CONCLUSION

For the reasons discussed, the Court:

**(1)** **GRANTS** Plaintiff's Motion for Leave to File Excess Pages and Motion to add 602 Appeal Decision (ECF Nos. 6, 8);

**(2)** **DISMISSES** Plaintiff's FAC on the ground that she has failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. The Court also **DENIES** Plaintiff leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

(3)   **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated:  September 12, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge